MUÑOZ, PETITIONER AND APPELLEE, v. VARGAS ET AL.,
DEFENDANTS (SOLDEVILLA, APPELLANT).

APPEAL from the District Court of Ponce in a Proceeding
for Injunction.

No. 1805.—Decided May 27, 1918.

INJUNCTION—JUDGMENT ON PLEADINGS.—When the answer to a duly verified
      petition for an injunction is not specific the court commits no error in
      rendering judgment on the pleadings on motion of the plaintiff.
COSTS—DISCRETION OF COURT.—In the circumstances of this case it was held
      that the trial court was justified in imposing the costs on the defendant.

The facts are stated in the opinion.
*Mr. Sergio León* for the appellant.
*Mr. Carlos Brunet* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Justo Muñoz filed a petition in the District Court of Ponce
for an injunction against twelve persons, among whom was
appellant Angel Soldevilla, the mayor of Juana Díaz. It
was alleged that the petitioner was the owner of a rural prop-
erty which for a distance of some six hundred meters abutted
upon a vicinal road and that the defendants were under-
taking to widen the said road by taking land of the plaintiff
without his consent and against his will, and also damaging
the crops on his property. The court issued a restraining
order against the defendants and set November 20, 1916,
for them to appear and show cause why an injunction should
not be granted as prayed for. Eleven defendants failed to
appear and later their default was entered. Defendant Sol-
devilla, the appellant here, appeared and moved that his name
be stricken out as a defendant, basing his motion on an
affidavit. The court deferred consideration of the motion to
strike out and issued a preliminary injunction. On March
28, 1917, Soldevilla repeated his motion to strike out, pleaded
that the petition did not state facts sufficient to constitute
a cause of action and answered the petition by a specific
denial of each of the facts therein alleged.

November 8, 1917, was set for the hearing and on that day the court overruled the motion to strike out and the demurrer interposed, and on motion of the plaintiff, based on the fact that although the petition was verified the answer was not specific, rendered judgment on the pleadings against the defendants, with the costs, expenses and disbursements. On December 5, 1917, Soldevilla appealed, but did not file the transcript, consisting of only twenty pages, in the office of the secretary of the Supreme Court until March 2, 1918.

The appellant contends that the court erred in overruling the motion to strike out and the demurrer. We have examined the petition and in our opinion it alleges with sufficient clearness the principal part which defendant Soldevilla took in the acts which gave rise to the plaintiff's action. Even giving entire credit to the defendant's affidavit, it is necessary to conclude that the injunction was properly issued against him.

Likewise, the appellant maintains that the court erred in rendering judgment on the pleadings, inasmuch as although the answer were insufficient its deficiencies could be supplied by the affidavit which the defendant had previously filed. This question was not raised in the district court. In reaching its conclusion that court considered only the merits of the petition and of the answer. But even supposing that the affidavit filed some months before could now be taken into consideration, we have already said that that affidavit was not sufficient to show that the defendant had taken no part in the acts which gave rise to the action; consequently the facts alleged in the petition were admitted by the defendant in view of the manner in which his answer was presented.

The last error assigned refers to the imposition of costs. In our opinion the court properly exercised its discretion in imposing upon the defendants the costs, expenses and disbursements forced upon the plaintiff in the defense of his

property which was unlawfully invaded by the defendants, among whom appellant Soldevilla was the most liable ,as his was the mind which directed, the others being simply the instruments that carried his plan into execution.

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.